# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
July 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES B. SMITH,**
**Claimant Below, Petitioner**

**vs.)  No. 11-1437**  (BOR Appeal No. 2045868
(Claim No. 2009074908)

**HWM TRUCK LINES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James B. Smith, by Robert Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. HWM Truck Lines, Inc., by Alyssa Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 20, 2011, in which the Board affirmed an April 13, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 17, 2009, decision granting no permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Revised Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Smith was injured on January 7, 2009, when he fell while climbing off an end loader. Mr. Smith underwent three independent medical evaluations to determine the amount of permanent impairment resulting from the January 7, 2009, injury. On June 17, 2009, Dr. Guberman evaluated Mr. Smith and recommended a 0% permanent partial disability award after placing him in Category I of West Virginia Code of State Rules § 85-20-E (2006). On February 24, 2010, Dr. Snead evaluated Mr. Smith and found evidence of a cervical disc herniation with

1

mild nerve root impingement. He then recommended an 8% permanent partial disability award after placing him in Category II of West Virginia Code of State Rules § 85-20-E. On November 18, 2010, Dr. Martin evaluated Mr. Smith and agreed with the recommendations of Dr. Guberman.

In its Order affirming the July 17, 2009, claims administrator's decision, the Office of Judges held that Mr. Smith has no permanent partial disability as a result of the January 7, 2009, injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges. Mr. Smith disputes this finding and asserts, per the opinion of Dr. Snead, that he is entitled to an 8% permanent partial disability award for the January 7, 2009, injury.

The Office of Judges failed to properly consider the evidence of record. First, the Office of Judges stated that "[p]art of the medical reports in evidence use the diagnostic related estimate (DRE) … as the methodology for rating the impairment of the spine injury." The Office of Judges then noted that this Court invalidated the DRE method in *Repass v. Workers' Compensation Div.*, 212 W. Va. 86, 569 S.E.2d 162 (2002), and stated that "the portion of a medical report using the DRE methodology will be deemed unreliable." The Office of Judges failed to identify which report it found that utilized the DRE method. Next, the Office of Judges listed the various range of motion measurements obtained by each evaluator and then stated only that "[t]here is no consistency in this." Finally, the Office of Judges discussed Category II of West Virginia Code of State Rules § 85-20-E and seemingly found that placement in this category is inappropriate because Mr. Smith's complaints of radicular pain cannot be verified. However, the Office of Judges noted that a criterion for placement in Category II is "non-verifiable radicular complaints defined by complaints of radicular pain without objective findings." No further discussion in relation to the evidence of record was provided. After reviewing the record, it is apparent that the Office of Judges failed to properly analyze the independent medical evaluations of record as applied to the amount of Mr. Smith's permanent impairment resulting from the January 7, 2009, injury.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and the claim is remanded with instructions to determine the amount of Mr. Smith's permanent impairment, if any, with full consideration given to the independent medical evaluations of Drs. Guberman, Snead, and Martin.

Reversed and remanded.

**ISSUED: July 17, 2013**

**CONCURRED IN BY:**
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis